# Greenberg Traurig

Philip R. Sellinger
Tel. (973) 360-7910
Fax. (973) 301-8410
sellingerp@gtlaw.com

August 19, 2011

**VIA ECF**

Hon. Douglas Arpert, U.S.M.J.
U.S. District Court - District of N.J.
Clarkson S. Fisher Federal Building
402 E. State Street
Trenton, NJ 08608

Re:   *Katz v. Live Nation, Inc. et al.*, Civ. Action No. 09-CV-03740

Dear Judge Arpert:

We respectfully request the Court's leave to file this short reply to Plaintiffs' August 8, 2011 letter regarding the use of expert discovery on class certification issues. As set forth below, Plaintiffs' letter obfuscates the real issue and current case law regarding the elements of the New Jersey Consumer Fraud Act ("CFA") - specifically the need to demonstrate causation - and how courts examine causation in relation to the predominance standard under Rule 23(b)(3). Additionally, Plaintiffs ignore altogether the U.S. Supreme Court's recent instructions regarding the commonality requirement set forth in Rule 23(a)(2). Finally, Plaintiffs' seek a premature opinion on the admissibility of expert testimony before any expert testimony has even been provided.

**The CFA's Causation Requirement**

Plaintiffs' letter would have the Court believe that the sole issue is the commonality requirement, although, as we have said repeatedly in our submissions and statements before Your Honor, the class determination here must also focus on the predominance requirement. Plaintiffs, citing *Hughes v. Panasonic Consumer Electronics Co.*, 2011 WL 2976839, *11-12 (D. N.J. July 21, 2011), improperly focus their discussion solely on the "unlawful conduct" element of the CFA. To establish their claims under the CFA plaintiffs must also establish "a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *Nafar v. Hollywood Tanning Systems, Inc.*, 339 Fed. Appx. 216, 222, 2009 WL 2386666 (3d. Cir. Aug. 5, 2009). The causation element of the CFA, necessarily requires an examination of the plaintiffs' behavior.

In *Nafar*, the Third Circuit reversed a decision certifying a class under the CFA based on the District Court's failure to fully analyze the evidence presented on the predominance issue under Rule 23(a)(2). *Id*. Specifically, the defendant there submitted expert testimony regarding consumer awareness and its impact on individual purchasing decisions. *Id*. at 218. The Court noted that "the Supreme Court of New Jersey has held that individual issues regarding plaintiff's behavior may, in certain cases, defeat predominance in a NJCFA class

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

Greenberg Traurig, LLP | Attorneys at Law | 200 Park Avenue, Post Office Box 677 | Florham Park, New Jersey 07932 | Tel. 973.360.7900 | Fax 973.301.8410

www.gtlaw.com

Hon. Douglas Arpert, U.S.M.J.
August 19, 2011
Page 2

_____

action, despite the uniformity of a defendant's misrepresentations or omissions." *Id. citing Internat'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 391 (2007). The Court held that "evidence of plaintiffs' conduct relevant to the causation issue cannot be ignored without comment in a predominance analysis." In remanding, the Third Circuit directed the trial court to address the expert evidence regarding the consumer decision-making there at issue. *Id.* at 223.

Through its expert, Live Nation intends to provide expert evidence regarding the individualized decisions made by each putative class member regarding his or her ticket purchase. This evidence of plaintiffs' conduct cannot be ignored by the Court in its analysis of the predominance element under Rule 23(b)(3) and the commonality element under Rule 23(a)(2). *See Nafar*, 339 Fed. Appx. at 222; *In re Hydrogen Peroxide*, 552 F.3d 305 (3d. Cir. 2009).

**Commonality is not a "Low Bar"**

Plaintiffs' citation to the 2004 case of *Chiang v. Venemen*, 385 F.3d 256 (3d Cir. 2004) for the proposition that "[t]he commonality requirement of Rule 23(a) 'is not a high bar'" runs squarely against the U.S. Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). In *Dukes,* the Supreme Court, emphasized the importance of the commonality requirement , holding that "[c]ommonality requires the plaintiff to demonstrate that the class members "have suffered the same injury," (citation omitted). This does not mean merely that they have all suffered a violation of the same provision of law." *Id.* Under *Dukes*, the list of questions in plaintiffs' letter is not enough to establish commonality. Plaintiffs must demonstrate that the alleged unlawful conduct caused each plaintiff to suffer the same injury. The expert testimony to be offered by Live nation will speak directly to that issue.

**Plaintiffs' Request to Bar Expert Testimony is Premature**

Ultimately, Plaintiffs seek a ruling that bars expert testimony that has not yet been presented to the Court and for which no report has yet been generated. Live Nation knows of no authority, and Plaintiffs cite no authority, standing for the proposition that the Court can do that, especially where controlling Third Circuit authority requires the Court to consider relevant expert evidence on class certification, as discussed in our letter of July 27. To accept Plaintiffs' invitation would be to place the cart before the horse.

Thank you very much for Your Honor's consideration.

                                                  Respectfully Submitted,

                                                  /s/ Philip R. Sellinger

cc:    Andrew R. Wolf, Esq. (via ECF)
          Henry Wolfe, Esq. (via ECF)
          Lee Squitieri, Esq. (via ECF)