## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL KATZ, et al.,                          :        Civil Action No.: 09-3740 (MLC)
                                               :
     Plaintiffs,                             :
                                               :
v.                                             :        ORDER
                                               :
LIVE NATION, INC., et al.,                     :
                                               :
     Defendants.                             :
_____:

This matter having come before the Court on Motion by Defendant Live Nation, Inc.
("Defendant") for reconsideration of the Court's denial of its informal application requesting that
the schedule for class certification briefing be expanded to permit Defendant's production of expert
reports and other expert discovery, "to the extent that the Order precludes [Defendant] from offering
expert evidence in opposition to...[the] anticipated motion for class certification" [dkt. entry no. 41],
returnable November 7, 2011; and Plaintiffs Michael Katz and Clifford Davidson (collectively,
"Plaintiffs"), on behalf of the putative class members in this action, having submitted opposition;
and the Court noting that it entered an Order dated September 19, 2011 ("Order") denying
Defendant's application (*see* dkt. entry no. 39); and Defendant contending that the Court's Order
"contained language that appears to indicate that [Defendant] would not...have an opportunity to use
expert opinion as part of its opposition to class certification" (Def.'s Br., dkt. entry no. 41-1 at 1);
and Defendant arguing that "to the extent that the Court ruled that [Defendant's] proposed expert
evidence is inadmissible, the Court overlooked that such a ruling is procedurally improper under
Third Circuit precedent" as "the District Court [must] consider and rule upon expert evidence that
goes to the issues necessary to be resolved in determining whether to certify a class" (*Id*. at 1-2); and

1

Defendant stating that although "the Court correctly recognized that expert evidence may only be disregarded entirely on a motion for class certification where it is irrelevant to all of the elements of Rule 23(a) and (b)", the expert testimony that Defendant proposes to offer "would demonstrate that the commonality and predominance requirements of Rule 23(a)(2) and (b)(3) cannot be met because of the critical role that...individual differences...play in each putative class member's ability to meet the causation requirement of the Complaint's claims under the New Jersey Consumer Fraud Act ("NJCFA")" (*Id.* at 2); and Defendant arguing that although the Court "based its determination that the proposed expert opinion is irrelevant [to] the commonality of any claim alleging 'unconscionable practices' under the NJCFA", because the focus in such an analysis is on the Defendant's conduct, the Court "overlooked a recent Third Circuit decision (which relied upon an opinion from the New Jersey Supreme Court) that...[held] that evidence of the plaintiffs' actions and beliefs is equally relevant to a NJCFA claim" and therefore "[e]xpert evidence on the subject is...relevant to commonality and predominance...[and] must...be considered and commented upon in determining certification of a class asserting NJCFA claims" (*Id.* at 2-3); and Defendant citing FED. R. CIV. P. 23, *In re Hydrogen Peroxide*, 552 F.3d 305, 307, 318, 321 (3d Cir. 2009), *Major Tours, Inc. v. Colorel*, 2011 WL 2221176, at *6 (D.N.J. 2011), and *Titan Stone, Tile & Masonry, Inc. v. Hunt Constr. Group, Inc.*, 2007 WL 1659056, at *4 (D.N.J. 2007) for the proposition that "it is procedurally improper to preclude [Defendant's] proposed expert evidence when there is no class certification motion pending and no expert evidence has yet been offered in opposition to that motion" (*Id.* at 4-7); and Defendant citing FED. R. CIV. P. 23, FED. R. EVID. 401-403, *Spring/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008), *Herskowitz v. Nutri/System, Inc.*, 857 F.2d 179, 188 (3d Cir. 1988), *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009), *Marcus v. BMW of*

2

*N. Am., LLC*, 2010 WL 4853308, at *4 (D.N.J. 2010), *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011), *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001), *Nafar v. Hollywood Tanning Sys., Inc.*, 339 Fed. Appx. 216, 222-23 (3d Cir. 2009), and *In re Hydrogen Peroxide*, 522 F.3d at 323-24 for the proposition that the "expert evidence proffered...is relevant to Plaintiffs' ability to prove commonality and predominance" based upon the "separate and independent element of...causation...to which the expert evidence directly relates" and that, as result, "[a]lthough the District Judge may reject...[Defendant's expert] evidence at the end of the day, ...she must at least consider and analyze the evidence before ruling on class certification" (*Id*. at 7-11); and Defendant citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 375-79, 388, 390-91 (2007), *Kugler v. Romain*, 58 N.J. 522, 544 (1971), *Nafar*, 339 Fed. Appx. at 223, and *In re Hydrogen Peroxide*, 552 F.3d at 321-22 for the proposition that "evidence of Plaintiffs' conduct is relevant to whether they can prove unlawful conduct through common proof" and, therefore, Defendant's "proposed expert evidence" is relevant and should be considered because "individual issues regarding a plaintiff's behavior and personal decision-making process are frequently relevant to the viability of a NJCFA claim for the purposes of the predominance inquiry...even where the defendant's allegedly violative conduct has been uniform" (*Id*. at 11-15); and in opposition, Plaintiffs maintaining that "[i]n rejecting Defendant's [prior] request, [the] Court properly held (based on Defendant's own articulation of the issues to be opined upon) that the proposed expert would not be offering any relevant opinion evidence" because the NJCFA "explicitly excludes the consumer's subjective reaction as an element of a [NJ]CFA claim" and because "commonality...does not require a common thought process or common economic status or even a common anger, but rather a common shared harm as a result of a defendant's common unlawful actions directed at class members" (Pl.'s Opp'n Br., dkt. entry no. 42 at 1-2); and Plaintiffs

3

contending that Defendant "can point to no new or overlooked case...and instead use[s] this motion for reconsideration...as a vehicle to reargue [its] failed application" (*Id.* at 2); and Plaintiff citing Fed. R. Civ. P. 23, *In re Hydrogen Peroxide*, 552 F.3d at 310, 324-25, and *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) for the proposition that "the Court's decision to bar the expert opinion offered by Defendant [was] well within...authority provided to trial courts" given that the Court based its decision, in part, on Defendant's "own proffer of the expert's testimony" and the Court's finding that "even if the expert report establishes what Defendant intends it to, that evidence  is irrelevant to...[a] class certification" determination (*Id.* at 2-6); and Plaintiff citing Fed. R. Civ. P. 23, *N.J.S.A.* § 56:8-2, *Wal-Mart*, 131 S. Ct. at 2550-51, *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 246, 248 (2005), *Hughes v. Panasonic Consumer Electronics Co.*, 2011 WL 2976839 (D.N.J. 2011), *Union Inc. Co. v. AT&T Wireless*, 352 N.J. Super. 617 (N.J. Super. App. Div. 2002), *In re Bayer Corp. Combination Aspirin Products Marketing and Sales Practices Litig.*, 701 F. Supp. 2d 356, 380, 383 (E.D.N.Y. 2010), *Fiore v. Hudson County Employees Pension Comm'n*, 151 N.J. Super. 524, 528 (N.J. Super. App. Div. 1977), *Iliadis v. Wal-Mart Stores, Inc.*, 191 N.J. 88, 95-96 (2007), and *In re Mercedes-Benz Tele Aid Contract Litig.*, 267 F.R.D. 113, 151-52 (D.N.J. 2010) for the proposition that Defendant "has presented no law not already considered and taken into account by the Court's Order and can provide no support for [its] argument that the expert evidence is relevant to the class certification motion" because "[the] predominance [prong] does not require that all issues be identical among class members or that each class member be affected in precisely the same manner" (*Id.* at 6-13); and the Court noting that L. Civ. R. 7.1(i) governs motions for reconsideration; and the Court noting that "[t]he purpose of a motion for reconsideration...is to correct manifest errors of law or fact or to present newly discovered evidence" and "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court granted the...[original] motion...,

or (3) the need to correct a clear error of law or fact to prevent manifest injustice" (*Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1986); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010); *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987)); and the Court noting that "reconsideration motions may not be used to relitigate old matters or raise arguments or present evidence that could have been raised prior to the entry of judgment" *(Jackson v. Fauver*, 2005 WL 1677513, at *3 (D.N.J. 2005); *see also Imundo v. Pocono Palace, Inc.*, 2002 WL 31006143, at *1 (D.N.J. 2002)); and the Court noting "[i]n ordinary circumstances, the court grants motions to reconsider its judgments very sparingly" (*Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); *see also Jackson*, 2005 WL 1677513, at *1)); and the Court noting that although it "possesses broad discretion to control proceedings and frame issues for consideration under Rule 23", "proper discretion does not soften the rule...[that] a class may not be certified without a finding that each Rule 23 requirement is met" such that "[c]lass certification is proper only if the trial court is satisfied, after a rigorous analysis...[including a thorough examination of the factual and legal allegations[,]" that "the prerequisites of Rule 23 are met" (*In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309-10 (3d Cir. 2008)); and the Court noting that it is "easy to misread...[the language of Rule 23(a)(2),] since any competently crafted class complaint literally raises common questions", such that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury" and their common contention is "of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke" (*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)); and the Court noting that "[i]n its sound discretion, a district court may find it unnecessary to consider certain expert opinion with respect to a certification requirement...but it may not decline to resolve a genuine legal or factual dispute because of concern for an overlap with the

5

merits" and therefore "a district court errs as a matter of law when it fails to resolve a genuine legal or factual dispute relevant to determining the requirements" (*In re Hydrogen Peroxide*, 552 F.3d at 320, 324); and the Court noting that "[w]eighing conflicting expert testimony at the certification stage is not only permissible[,] it may [also] be integral to the rigorous analysis Rule 23 demands" although the fact "[t]hat weighing expert opinions is proper does not make it necessary in every case or unlimited in scope" nor does "[a] court's determination that an expert's opinion is persuasive or unpersuasive on a Rule 23 requirement...preclude a different view at the merits stage of the case" (*Id*. at 323-24); and the Court noting that to state a NJCFA claim, "a plaintiff must allege...(1) unlawful conduct[,] (2) an ascertainable loss[,] and (3) a causal relationship between the defendants' unlawful conduct and the plaintiffs' ascertainable loss" (*International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (2007)); and the Court noting that "evidence of [a] plaintiff's conduct relevant to the causation issue cannot be ignored without comment in a predominance analysis" because "the Supreme Court of New Jersey has held that individual issues regarding [a] plaintiff's behavior may, in certain cases, defeat predominance in a NJCFA class action...despite the uniformity of a defendant's misrepresentations or omissions" (*Nafar v. Hollywood Tanning Sys.*, 339 Fed. Appx. 216, 222-23 (3d Cir. 2009)); and the Court noting that, based upon counsel's representation during oral argument, although Plaintiffs are concerned about the delay related to Defendant's proposed expert discovery, they maintain that for purposes of class certification, Defendant's proposed expert testimony is irrelevant; and the Court finding that although serious doubts remain regarding the ultimate relevance of Defendant's proposed expert testimony, in the interests of affording the District Court the opportunity to consider the broadest range of evidence available during class certification briefing (*see In re Hydrogen Peroxide*, 552 F.3d at 309-10, 320, 323-24) and based upon the fact that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury" (*Wal-Mart*, 131 S. Ct. at 2551) and "evidence of [a] plaintiff's conduct relevant to the causation issue cannot be ignored without

comment in a predominance analysis" because "the Supreme Court of New Jersey has held that

individual issues regarding [a] plaintiff's behavior may, in certain cases, defeat predominance in a

NJCFA class action...despite the uniformity of a defendant's misrepresentations or omissions"

(*Nafar*, 339 Fed. Appx. at 222-23; *see also International Union*, 192 N.J. at 389), Defendant should

be permitted to rely on expert evidence in opposition to Plaintiff's motion for class certification; and

the Court noting that permitting Defendant to include such expert evidence is without prejudice to

Plaintiffs' right to move to preclude such evidence from trial pursuant to the standards set forth in

FED. R. CIV. P. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (2000);

and the Court having reviewed the parties' submissions and having heard oral argument on October

21, 2011; and for the reasons stated above and on the record;

   **IT IS** on this 3rd day of November, 2011,

   **ORDERED** that Defendant's Motion for reconsideration of the Court's Order denying

Defendant's informal application requesting that the schedule for class certification briefing allow

time for the completion of expert reports and expert discovery [dkt. entry no. 41] is **GRANTED**; and

it is further

   **ORDERED** that the Order is vacated and Defendant's application is **GRANTED**; and it is

further

   **ORDERED** that Defendant shall disclose its expert report by **November 30, 2011**; and it

is  further

   **ORDERED** that a telephone status conference, initiated by defense counsel, is scheduled for

**December 12, 2011** at **11:30 a.m.**; and it is further

   **ORDERED** that the deposition of Defendant's expert, if any, shall be completed by

**December 30, 2011**.

                                        s/ *Douglas E. Arpert*
                                        **DOUGLAS E. ARPERT**
                                        **UNITED STATES MAGISTRATE JUDGE**