THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, New Jersey 08902
Telephone: (732) 545-7900
Facsimile: (732) 545-1030

SQUITIERI & FEARON, LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

*Co-lead counsel for Plaintiffs and the Putative Class*

**RECEIVED**

**MAR 2 8 2014**

AT 8:30_____M
WILLIAM T. WALSH CLERK

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL KATZ and CLIFFORD DAVIDSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION, INC. d/b/a PNC BANK ARTS CENTER, LIVE NATION WORLDWIDE, INC., GSAC PARTNERS and ABC COMPANIES 1-5,<br><br>Defendants. | Civil Action No.<br>1:09-cv-03740-MLC-DEA |

### ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AWARDING FEES AND COSTS TO CLASS COUNSEL, AND GRANTING INCENTIVE AWARD TO PLAINTIFF

**THIS MATTER** having come before the Honorable Douglas E. Arpert, U.S.M.J., at a fairness hearing to determine whether the proposed Amended Settlement Agreement between the parties is fair, reasonable, and adequate, to consider the application by The Wolf Law Firm, LLC and Squitieri & Fearon, LLP (together, "Class Counsel") for an award of attorneys' fees and costs, and to consider the application for incentive awards to the putative class action plaintiffs

1

("Lead Plaintiffs"); and the Lead Plaintiffs and Settlement Class members being represented by Class Counsel and Defendant Live Nation Worldwide, Inc. ("Live Nation" or "Defendant") being represented by Greenberg Traurig LLP ("Defendant's Counsel");

**AND THE COURT,** having read and considered the parties' Amended Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered the Lead Plaintiffs' brief and the declarations submitted in support of the applications, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. On December 2, 2013, the Court preliminarily approved the Settlement in this action alleging violations of the New Jersey Consumer Fraud Act (CFA) and the New Jersey Truth-in-Consumer Contract, Notice, and Warranty Act (TCCWNA), preliminarily certified the Settlement Class for settlement purposes, appointed a Settlement Administrator, approved the Lead Plaintiffs as Settlement Class Representatives, and appointed The Wolf Law Firm, LLC and Squitieri & Fearon, LLP as Class Counsel. The Settlement Class was defined as:

> Any person (*i.e.*, each unique purchaser) who purchased a ticket over the internet through *www.livenation.com* or *www.ticketmaster.com* for an event at PNC Bank Arts Center during the period of time between June 23, 2003, and June 15, 2011.
>
> - Excluded from the Settlement Class are the Released Parties, as defined in the Settlement Agreement, and any and all Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

2. In compliance with the Class Action Fairness Act (CAFA), 28 *U.S.C.* §1715, the Settlement Administrator served notices of the proposed settlement on the appropriate federal and state officials.

2

3. Pursuant to the Preliminary Approval Order, Notice was sent to members of the Settlement Class. The Settlement Administrator has reported to the Court that the delivery of Notices was generally successful, that 2 Settlement Class Members have requested to be excluded from the Settlement Class, and that only one class member has filed a timely objection to the settlement.

4. The Court has received one objection to the settlement.

5. The Lead Plaintiffs now request final approval of the settlement.

6. The Court has considered the Amended Settlement Agreement, the brief and declarations submitted in support of it, and the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

7. Unless otherwise provided herein, the Court adopts and incorporates the definitions to all capitalized terms in the Amended Settlement Agreement and those defined terms shall have the same meaning in this Order.

8. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

9. Pursuant to Fed. R. Civ. P. 23(a), the court finds that the Plaintiffs Michael Katz and Clifford Davidson are members of the Class, their claims are typical of the Class claims, and they fairly and adequately protected the interests of the Class throughout the proceedings in this action. Accordingly, the Court hereby appoints Michael Katz and Clifford Davidson as the Class Representatives.

10. The Court finds that the Class meets all requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), for certification of the class claims alleged in the operative complaint, including: (a)

numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law; and (f) superiority.

11. Having considered the factors set forth in Fed. R. Civ. P. 23(g)(1), the court finds that Class Counsel have fairly and adequately represented the members of the Settlement Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Class Counsel as counsel to represent the members of the Settlement Class.

12. Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. The Declaration of Jeffrey Gyomber, attesting to the dissemination of the class notice, demonstrates this compliance. Such Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23, the requirements of Due Process, 28 *U.S.C.* §1715, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the *res judicata* effect on the members of the Settlement Class, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Fairness Hearing. A total of three class members, two timely and one late, elected to exclude themselves from the settlement. Accordingly, the Court determines Lawrence Ciarallo, Charles Rutkowski and Tara Broderick (the late exclusion) are excluded from the settlement and that all other members of the Settlement Class are bound by this Order and by the final judgment to be entered pursuant thereto.

13. The Amended Settlement Agreement was arrived at after extensive arms-length negotiations conducted in good faith by counsel for the parties.

4

14. The motion for Final Approval of the proposed settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Amended Settlement Agreement and as set forth in this Order.

15. The Court finds that the settlement, on the terms and conditions set forth in the Amended Settlement Agreement, is fundamentally fair, reasonable, adequate and is in the best interests of the members of the Settlement Class, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the members of the Settlement Class.

16. Lead Plaintiffs Michael Katz and Clifford Davidson are hereby each approved to receive the settlement benefits as set forth in the Amended Settlement Agreement, plus $7,500.00 each as an incentive award for their efforts on behalf of the Settlement Class, to be paid within ten (10) days of the Settlement Effective Date as set forth in the Amended Settlement Agreement.

17. The promises and commitments of the parties under the terms of the Amended Settlement Agreement constitute fair adequate and reasonable relief in exchange for the releases of the Released Claims against the Released Parties. Upon entry of this Order and final approval of the Settlement, the Lead Plaintiffs and each member of the Settlement Class will release all of the Released Parties set forth in the Amended Settlement Agreement as follows:

> Plaintiffs, on behalf of themselves and the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself and his or her respective successors, assigns, past, present, and future parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, fully release and forever discharge the Released Parties from the Released Claims, effective as of the Settlement Effective Date. The term "Released

5

Parties" shall refer individually and collectively, as appropriate, to Live Nation Worldwide, Inc., Live Nation Entertainment, Inc., GSAC Partners, Ticketmaster L.L.C. and all of their past and present parent companies, subsidiaries, joint ventures, partnerships, affiliates, controlled entities, assignees, and all of their respective predecessors, assigns, and successors-in-interest, and all of their respective present or former directors, officers, members, shareholders, agents, employees, representatives, administrators, insurers, and indemnitees. The term "Released Claims" shall refer to any and any and all claims that were brought or could have been brought in the Lawsuit relating to ticket purchase transaction(s) for concerts at PNC Bank Arts Center during the Settlement Class Period, whether known or unknown, including but not limited to any and all claims relating to the Fees, the No Service Fee Wednesday promotion, the services, parking and facilities provided or not provided at the concerts, the charges on the tickets for events at the PNC Bank Arts Center, and any other claims related to the terms, substance, or process of ticket purchase transaction(s) for events at the PNC Bank Arts Center.

Although the Parties agree that the releases set forth above are not general releases, Plaintiffs expressly understand and acknowledge that certain state statutes and principles of common law (e.g., Cal. Civ. Code § 1542) provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his, her or its favor at the time of executing the release and which, if known, must have materially affected the settlement with the debtor. To the extent that any Settlement Class Member may argue that such statutes or principles of common law are applicable to the specific Released Claims set forth in this Agreement, Plaintiffs, on behalf of themselves and the Settlement Class Members, agree that any such statutes, principles of common law or other sources of legal authority of any and all jurisdictions that may be applicable are hereby knowingly and voluntarily waived and relinquished by the Settlement Class Members.

18. The Lead Plaintiffs and all Settlement Class Members are permanently barred and enjoined from bringing, filing, commencing, prosecuting (or further prosecuting), or intervening in, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or cause of action in law or equity that asserts the Released Claims or receiving any settlement consideration

in any other lawsuit, arbitration, or administrative, regulatory or other proceeding or cause of action in law or equity based on the Released Claims.

19. Within seven (7) days of the date of this Order, Plaintiffs' counsel shall jointly advise Live Nation of the account(s), with wire instructions, to which Live Nation shall wire the amount approved for Plaintiffs' attorneys' fees and costs pursuant to Paragraph 14(e) of the Amended Settlement Agreement. In the event that Plaintiffs' counsel cannot agree on the designation of an account, the Court will designate an account, with wire instructions, for payment of said fees. Payment of said fees within ten (10) days of the date of the Settlement Effective Date (as defined in the Amended Settlement Agreement) in accordance with this Order will complete Live Nation's obligation to pay Plaintiffs' attorneys' fees and costs. Any dispute regarding the designation of an account to receive said fees or the allocation of said fees shall not affect the finality of this Order.

20. Defendant shall pay Class Counsel's fees and costs in the amount of $1,699,999.00. This amount has been agreed by the parties with the assistance of the Mediator pursuant to the Amended Settlement Agreement. The fees and costs are in addition to the settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not Plaintiffs or the Settlement Class. The Courts finds that this award is fair and reasonable. Pursuant to the Amended Settlement Agreement, this payment shall be made within ten (10) days of the date of the Settlement Effective Date, delivered via wire transfer to the account(s) designated pursuant to paragraph 19 above. .

21. Final Judgment is hereby entered in this Lawsuit pursuant to Fed. R. Civ. P. 54(a), consistent with the terms of the Amended Settlement Agreement.

22. This Lawsuit against the Defendants is hereby dismissed with prejudice.

7

23. Without affecting the finality of the judgment entered pursuant to this Order, except as provided in Section 20 of the Amended Settlement Agreement the Court shall retain exclusive and continuing jurisdiction of the Lawsuit and all parties to interpret and enforce the terms, conditions and obligations of the Amended Settlement Agreement.

24. The Court finds that there is no reason for delay and directs the Clerk to enter judgment in accordance with the terms of this Order. & Close the case

**IT IS SO ORDERED.**

Dated: *March 28, 2014*

_____
HON. DOUGLAS E. ARPERT, U.S.M.J.